MR. JUSTICE SHEEHY,
concurring with the dissent of MR. JUSTICE SHEA, and stating further in dissent:
I would reverse the conviction of Arrow Weinberger. The instructions in relation to him were in hopeless conflict.
Under section 45-5-101, MCA, a person commits the offense of criminal homicide if he purposely, knowingly, or negligently “causes the death of another human being.” A person commits deliberate homicide under section 45-5-102, MCA, if the criminal homicide is committed “purposely” or “knowingly”.
The District Court, in instructing the jury with respect to deliberate homicide, followed the statutes when it instructed the jury in instruction no. 10:
“A person commits the offense of deliberate homicide if:
“(1) He purposely or knowingly causes the death of another human being . . .” (Emphasis added.)
Under the statutory definition, arid the portion of instruction no. 10 which we have quoted, the inquiry for the jury was, who caused the death of Azure? Obviously if Azure caused his own death, as in the case of Arrow Weinberger acting in self defense, then the crime has not been committed. It is the statutory scheme that the jury search for the cause of the death in homicide cases.
In this case the District Court elaborated on the statutory definition. In instruction no. 11, it instructed the jury:
“You are instructed that to sustain the charge of deliberate homicide against Arrow Weinberger, the State must prove that the defendant Arrow Weinberger purposely or knowingly performed the act or acts causing the death of Floyd Azure . . .” (Emphasis added.)
Thus the District Court, by giving instruction no. 11, *309 changed the nature of the inquiry for the jury. Instead of searching for the cause of Azure’s death, the jury was instructed to find who performed the acts causing the death of Azure.
Instruction no. 11 created a crime not defined in the Montana statutes, and for Arrow Weinberger, wiped out any self defense. Under instruction no. 11, since Arrow Weinberger performed the acts (even though he may have been acting in self defense) which caused Azure’s death, he was guilty of homicide.
Under instruction no. 11, the mere performance of the acts causing Azure’s death constitutes a forcible felony. Instruction no. 47 then wiped away completely any self defense available to Arrow Weinberger:
“You are instructed that the defense of self defense or justifiable use of force is not available to a person who is attempting to commit or committing a forcible felony. A forcible felony is any felony which involves the use or threat of physical force or violence against any individual.
The State admits in its brief that court’s instruction no. 11 “failed to define completely the crime charged,” but the State contends that the failure of definition of court’s instruction no. 10 was cured by other instructions given in the case.
Our annals are full of cases in which we have said that if an instruction is “not as full as it might have been,” but the instructions taken as a whole fairly present the case to a jury, we will not reverse the conviction because of an incomplete instruction. However, this rule applies only to incomplete instructions, not to erroneous instructions or those which are at cross purposes with each other. The cases relied upon by the State and by the majority in this case do not meet the situation here where the court erroneously defined the elements of the crime in instruction no. 11. If there is any single item of instruction that needs to be straight-forwardly presented in the criminal case, it must be the elements of the crime. We said in State v. Lund *310 blade (1981), Mont., 625 P.2d 545, 548, 38 St.Rep. 441:
“At a minimum, the District Court must explain or define the crime for the jury. (Citing a case.) In determining whether the instructions did this, we are guided by certain settled principles. First, we must view the instructions as a whole (citing a case) and we will find no error if the instructions as a whole fully and fairly instruct on the law applicable to the case (citing cases).”
Here there is a hopeless conflict in the instructions concerning deliberate homicide in Arrow Weinberger’s case. The instructions as a whole do not fully and fairly instruct on the applicable law but confuse the elements of deliberate homicide and strip any meaning from the self defense instructions.
I could cite other instructional conflict, but it would serve no purpose here and would only take up space. It is enough to say that court’s instructions no. 24, 31, and 32 do not cure the instructional failure, as the majority contends or the State argues, because in each of those instructions, there is a phrase used “described by a statute defining an offense” to inform the jury how to apply purposely or knowingly as a requisite for mental state. Nowhere in the instructions in this case did the court specifically tell the jury a particular statute that defined the offense. In other words, under instructions 24, 31 and 32, the jury was told to look to a statute for the elements, but the statute was not given to them.
For these and those reasons set forth by MR. JUSTICE SHEA, I dissent.
MR. JUSTICE MORRISON concurs.